UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Haile Dabreo,<br><br>     Plaintiff,<br><br>  -against-<br><br>The City of New York; Sergeant Sharon Andrews-Stannis, Police Officers Frank Cinolauro, John and Jane Roes 1 through 5,<br><br>     Defendants | 08 CV 1295 (MGC)<br><br>ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the common law of the State of New York.

## JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c) in that, *inter alia*, Defendant City of New York "resides" in the Southern District of New York, insofar as it

is therein subject to personal jurisdiction.

**JURY DEMAND**

5.  The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

6.  The Plaintiff, HAILE DABREO, United States citizen and a resident of New York City.

7.  Defendant CITY OF NEW YORK ("City") is a municipal corporation within the State of New York.

8.  Defendant NEW YORK CITY POLICE DEPARTMENT (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.  Defendant NYPD SERGEANT SHARON ANDREWS-STANNIS, was a police officer and supervisor employed by the NYPD and at all relevant times herein was

acting in the capacity of agent, servant, and employee of the City. Defendant Andrews-Stannis is sued individually and in her official capacity.

10. At all times relevant herein, Defendant Andrews-Stannis was assigned to the 70th Precinct.

11. Defendant Andrews-Stannis' tax registry number is 923511.

12. Defendant NYPD POLICE OFFICER FRANK CINOLAURO, was employed by the NYPD and at all relevant times herein was acting in the capacity of agent, servant, and employee of the City. Defendant Cinolauro is sued individually and in his official capacity.

13. At all times relevant herein, Defendant Cinolauro was assigned to the 70th Precinct.

14. Defendant Cinolauro's shield number is 29566 and his tax registry number is 940008.

15. Defendants JOHN and JANE ROES 1 through 5 are unidentified police officers who at all relevant times herein were employed by the NYPD and who were each acting in the capacity of agent, servant, and employee of the City. Plaintiff is unable to determine the names of these NYPD officers at this time and thus sues them under fictitious designations. Defendant Roes are sued in their individual and official capacities.

16. At all times relevant herein, each individual defendant was acting under color of state law in the course and scope of his or her duties and functions as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental

to the performance of his lawful functions in the course of his duties. The individual defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

17.  On October 12, 2006 at about 5:40 PM, the Plaintiff, Mr. Dabreo, parked his car at a parking meter on the northbound side of Flatbush Avenue just south of the intersection of Church Avenue, in Brooklyn, New York.

18.  Mr. Dabreo had two passengers in his car, Garry Council and Jared Gregory.

19.  The three gentlemen got out of Mr. Dabreo's car and started to give away compact discs of Mr. Dabreo's music. The gentlemen did not ask anyone for money for the CDs, but were instead politely asking whether passersby wanted them.

20.  After a few minutes, a marked police patrol car double parked and defendants Sgt. Andrews-Stannis and P.O. Cinolauro got out and checked the meter, telling Mr. Dabreo that he was "lucky" that there was time on it.

21.  Sgt. Andrew-Stannis asked Mr. Dabreo what he was doing and Mr. Dabreo told her that he was handing out his CDs. She asked him if he was selling the CDs and Mr. Dabreo said he was not.

22.  After returning to their patrol car for approximately a half hour, where they appeared to be observing Mr. Dabreo and the other gentlemen, Sgt. Andrew-Stannis again

got out and told Mr. Dabreo that they were "loitering," and that she was going to leave and give them a chance to leave the area but if they were still there by the time she returned she would arrest them.

23. Sgt. Andrew-Stannis got back in the patrol car and left with P.O. Cinolauro.

24. The two defendant officers returned several minutes later and got out of their car again, whereupon Sgt. Andrew-Stannis asked Mr. Dabreo for identification.

25. Mr. Dabreo, who had done nothing wrong, remained silent and did not provide Sgt. Andrew-Stannis with any identification.

26. The defendant officers apparently called for more police officers, in response to which several police vehicles arrived, blocking off traffic.

27. Defendant John Roe 1, who was not in uniform, asked Mr. Dabreo for identification, and Mr. Dabreo, who had done nothing wrong, again remained silent and did not provide him with identification.

28. John Roe 1 then grabbed Mr. Dabreo by the neck and violently slammed him head first against the hood of his car where another officer in plain clothes, defendant Jane Roe 2, handcuffed Mr. Dabreo behind his back.

29. The other gentlemen with Mr. Dabreo were also arrested.

30. After Mr. Dabreo was arrested, John Roe 1 patted him down and searched his pockets and socks.

31. John Roe 1 recovered a $20 bill and Mr. Dabreo's keys during the search.

32. John Roe 1 placed the $20 bill in his pocket. The money was not returned to Mr. Dabreo, nor did he ever receive a voucher for it.

33. Defendant John Roe 3, who was in uniform, then took and placed Mr. Dabreo in a second marked patrol car in which Defendant Jane Roe 4 was sitting.

34. While he was in the car, Mr. Dabreo asked John Roe to give him back his money and his keys and John Roe 1 told him, in substance, that what ever they found in his pocket becomes their property.

35. While Mr. Dabreo sat handcuffed in the police vehicle, he saw P.O. Cinolauro, John Roe 1 and a Defendant John Roe 5, also in plain clothes, search the inside of Mr. Dabreo's car and his trunk and remove compact discs and a video camera that belonged to Mr. Dabreo.

36. Mr. Dabreo then observed P.O. Cinolauro drive off in his (Mr. Dabreo's) car.

37. When Mr. Dabreo eventually recovered his vehicle, it was dented in a place that it had not been dented prior to P.O. Cinolauro driving off in it.

38. The police charged Mr. Dabreo under the name of "John Doe" with resisting arrest (N.Y. Penal Law § 205.30), disorderly conduct (N.Y. Penal Law § 240.20), "unlicensed general vendor" (N.Y.C. Admin. Code § 20-453) and "peddler restricted area" (N.Y.C. Admin. Code § 20-465(g)).

39. After more than 24 hours in police custody, Mr. Dabreo was finally arraigned on a misdemeanor complaint filed under docket number 2006KN071191 and released on his

own recognizance.

40. That misdemeanor complaint charged him, again under the name of "John Doe" with "unlicensed general vendor" (N.Y.C. Admin. Code § 20-453), obstruction of governmental administration in the second degree (N.Y. Penal Law § 195.05), resisting arrest (N.Y. Penal Law § 205.30), and five counts of disorderly conduct (N.Y. Penal Law § 240.20, subdivisions (1), (2), (3), (6) & (7)).

41. On or about April 24, 2007, the Kings County District Attorney's office moved to dismiss the unlicensed general vendor, obstruction of governmental administration and resisting arrest charges against Mr. Dabreo. They Court granted the motion leaving only the disorderly conduct charges on the complaint.

42. A trial on the remaining charges commenced on April 26, 2007 before the Honorable Alvin Yearwood. On May 15, 2007, Judge Yearwood acquitted Mr. Dabreo of all the counts remaining on the complaint.

## NOTICE OF CLAIM

43. Plaintiff did not file a Notice of Claim in this case.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Individual NYPD Defendants

44. All other paragraphs herein are incorporated by reference as though fully set forth.

45. In stopping, seizing, searching arresting, detaining, charging, and prosecuting

Plaintiff, Defendants Andrews-Stannis, Cinolauro, and Roes engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures, false arrest and imprisonment, excessive force and malicious prosecution.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

46. All other paragraphs herein are incorporated by reference as though fully set forth.

47. Municipal liability for the violations of Plaintiff's Fourth Amendment rights rests upon the grounds set forth below.

48. At all times material to this complaint, the defendant City, acting through defendant NYPD and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

49. At all times material to this complaint, the defendant City, acting through defendant NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

## THIRD CAUSE OF ACTION
### Pendant State Law Claim for
### Malicious Prosecution

50. All other paragraphs herein are incorporated by reference as though fully set forth.

51. By the actions described above, Defendants Andrews-Stannis, Cinolauro, and Roes jointly and severally violated Plaintiff's rights under New York law to be free malicious prosecution, as a direct and proximate result of which the Plaintiff suffered continued emotional and financial damage in his attempt to clear himself from the false and maliciously imposed criminal charges.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to Plaintiff against the defendants, jointly and severally;

3. Award Plaintiff reasonable costs, disbursements and attorneys' fees; and

4. Grant any other relief the court deems appropriate.

Dated:   New York, New York
         January 27, 2008

                                              Respectfully submitted,

                                              _____
                                              Darius Wadia, L.L.C.
                                              By:  Darius Wadia, Bar number DW8679
                                              Attorney for Plaintiff
                                              233 Broadway, Suite 2208
                                              New York, New York  10279
                                              dwadia@wadialaw.com
                                              (212) 233-1212

TO:

New York City
Law Department
100 Church Street, 4th floor
New York, New York  10007

Sergeant Sharon Andrews-Stannis
New York City Police Department
70th Precinct
154 Lawrence Avenue
Brooklyn, New York 11230


Police Officer Frank Cinolauro
New York City Police Department
70th Precinct
154 Lawrence Avenue
Brooklyn, New York 11230