UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HAILE DABREO,

                               Plaintiff,

        -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

------------------------------------------------------------------X

**ANSWER**

08-CV-1295(MCG)(GWG)

**Jury Trial Demanded**

        Defendants the City of New York ("City"), Police Officer Frank Cinolauro and Sergeant Sharon Andrews-Stannis, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.    Deny the allegations set forth in paragraph 2 of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        3.    Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiff purports to base jurisdiction as stated therein.

        4.    Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.    The allegations set forth in paragraph 5 of the complaint comprise a demand for a jury trial and therefore no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Admit the allegations set forth in paragraph 7 of the complaint.

8. Deny the allegations set forth in paragraph 8 of the complaint, except admit that the City maintains the New York City Police Department ("NYPD") pursuant applicable statutes, ordinances and regulations.

9. Deny the allegations set forth in paragraph 9 of the complaint, except admit that defendant Sergeant Sharon Andrews-Stannis is employed by the City as a police officer and that plaintiff purports to sue her individually and in this official capacity.

10. Deny the allegations set forth in paragraph 10 of the complaint, except admit that defendant Andrews-Stannis is assigned to the 70th Precinct.

11. Admit the allegations set forth in paragraph 11 of the complaint.

12. Deny the allegations set forth in paragraph 12 of the complaint, except admit that defendant Police Officer Frank Cinolauro is employed by the City as a police officer and that plaintiff purports to sue him individually and in this official capacity.

13. Deny the allegations set forth in paragraph 13 of the complaint, except admit that defendant Cinolauro was assigned to the 70th Precinct.

14. Admit the allegations set forth in paragraph 14 of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16. Paragraph 16 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny the allegations.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. Deny the allegations set forth in paragraph 26 of the complaint.

27. Deny the allegation set forth in paragraph 27 of the complaint that alleges that plaintiff had done nothing wrong, except deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the complaint.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. Deny the allegations set forth in paragraph 34 of the complaint.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the complaint, except admit that plaintiff was charged with violating New York Penal Law 205.30 and 240.20.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the complaint.

43. Admit the allegations set forth in paragraph 43 of the complaint.

44. In response to the allegations set forth in paragraph 44 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 43 inclusive of their answer, as if fully set forth herein.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. In response to the allegations set forth in paragraph 46 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 45 inclusive of their answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph 47 of the complaint.

48. Deny the allegations set forth in paragraph 48 of the complaint.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. In response to the allegations set forth in paragraph 50 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 49 inclusive of their answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph 51 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

52. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

53. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

54. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

55. Punitive damages are not available against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

56.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or from that of others, and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

57.   This action is barred in whole or in part by the applicable limitations period.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

58.   Any force used to arrest and/or detain plaintiff was reasonable under the circumstances.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

59.   There was probable cause for plaintiff's arrest, prosecution and detention.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

60.   The individual defendants are entitled to qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

61.   Plaintiff has failed to comply with General Municipal § 50 *et seq.*

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

62.   At all times relevant to the acts alleged in the Complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City of New York is entitled to governmental immunity from liability.

**WHEREFORE**, defendants City of New York, Police Officer Frank Cinolauro and Sergeant Sharon Andrews-Stannis request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 15, 2008

          MICHAEL A. CARDOZO
          Corporation Counsel of the
          City of New York
          Attorney for Defendants City of New York, Police Officer Frank Cinolauro and Sergeant Sharon Andrews-Stannis
          100 Church Street
          New York, New York 10007
          (212) 442-0832

By:         /s/
        Hugh A. Zuber (HZ 4935)

TO:   Darius Wadia, Esq.
       Attorney for Plaintiff
       233 Broadway, Suite 2208
       New York, New York 10279
       dwadia@wadialaw.com
       (212) 233-1212